E-FILED  2025 SEP 26 4:05 PM POLK - CLERK OF DISTRICT COURT

**EXHIBIT**

_____

**A**

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| DECK CENTRAL LLC, | CASE NO. |
| Plaintiff, | |
| vs. | **PETITION AT LAW** |
| BEISSER'S INC., GILCREST/JEWETT LUMBER COMPANY, LLC, US LBM, LLC, AND LEACHMAN LUMBER COMPANY, | |
| Defendants. | |

COMES NOW, Plaintiff, Deck Central LLC, by and through its undersigned counsel, and in support of its Petition against Defendants, states the following:

**PARTIES, JURISDICTION, AND VENUE**

1.      Deck Central is an Iowa limited liability company with its principal place of business located in Polk County, Iowa.

2.      Beisser's Inc., also known as Beisser Lumber or Beisser Lumber Company, is an Iowa Corporation with its principal place of business in Grimes, Polk County, Iowa.

3.      Gilcrest/Jewett Lumber Company, LLC is an Iowa limited liability company with its principal place of business in Des Moines, Polk County, Iowa.

4.      US LBM, LLC is, based on information and belief, the parent company to Gilcrest/Jewett Lumber Company, LLC. US LBM, LLC is a limited liability company doing business in Des Moines, Polk County, Iowa.

5.      Leachman Lumber Company is an Iowa company with its principal place of business in Des Moines, Polk County, Iowa.

E-FILED  2025 SEP 26 4:05 PM POLK - CLERK OF DISTRICT COURT

6.      Jurisdiction and venue is proper with this Court because Defendants' principal places of business are in Polk County, Iowa and some or all of the events and transactions giving rise to this Petition took place in Polk County, Iowa.

## FACTS

7.      Plaintiff Deck Central LLC (hereinafter "Deck Central") is owned and operated by Leah Miljkovic (hereinafter "Leah").

8.      Deck Central is in the business of dealing and retailing decking and outdoor living products.

9.      Demir Miljkovic (hereinafter "Demir"), owns a contracting company, Better Builders, located in the same building as Deck Central.

10.     It is Deck Central's understanding that, to qualify as a dealer for decking products for various distributors, Deck Central needed a physical location with a loading dock, forklift, and warehouse to store products.

11.     In October 2022, Deck Central registered with the Iowa Secretary of State's Office as a limited liability company.

12.     It is a common course of business in Des Moines for lumber and decking distributors not to sell directly to contractors, but instead sell to dealers.

13.     By June 2023, Deck Central moved into its brick-and-mortar location, complete with a warehouse, loading dock, and forklift for receiving inventory.

14.     At this time, Deck Central was eligible to be qualified as a dealer because they had a loading dock, forklift, and warehouse to store products.

15.     Because Deck Central, a dealer, and Better Builders, a contracting company, are in the same building, local Des Moines distributors and lumberyards began circulating the false claim

E-FILED  2025 SEP 26 4:05 PM POLK - CLERK OF DISTRICT COURT

that Leah and Demir were using Deck Central as a "front" in order to get distributors to sell directly to Better Builders.

16.     In July 2023, Leah resigned from her full-time job to manage Deck Central and hired a full-time product manager to assist in operations.

17.     Immediately, Leah focused on establishing Deck Central as a decking dealer.

18.     As a dealer, an entity can buy larger volumes at lower prices, helping to grow the business and improve profit margins.

19.     If an entity is shut out from being labeled a dealer, they are forced to buy quantities at higher prices, significantly reducing profit margins.

20.     On September 21, 2023, Leah and Demir met at Beisser's offices for a discussion with Beisser's Vice Presidents and President regarding Deck Central's business plans and potential for collaboration.

21.     During this meeting, an agreement was reached to explore better pricing options for Deck Central and attempt to work together.

22.     Following the meeting, Beisser personnel emailed Demir with pricing details for lumber.

23.     From June 2023 to present, Deck Central successfully set up accounts with multiple vendors as a dealer for a variety of products, including pergolas, grills, heaters, fireplaces, furniture, steel framing, hardware, and fasteners.

24.     These manufacturers and distributors included:

    a.     Renson (manufacturer)

    b.     Quality Edge (manufacturer)

    c.     Jensen Furniture (manufacturer)

    d.     Kettler Furniture (manufacturer)

E-FILED 2025 SEP 26 4:05 PM POLK - CLERK OF DISTRICT COURT

    e.      C.R. Plastics Furniture (manufacturer)

    f.      Outdoor Interiors (manufacturer)

    g.      Simpson (manufacturer)

    h.      Diablo (manufacturer)

    i.      New Castle Steel (manufacturer)

    j.      Hallmark (distributor/manufacturer)

    k.      Hideaway (manufacturer)

    l.      In-Lite (manufacturer)

    m.      Middleby Residential (distributor)

    n.      Lakeview Appliance (distributor)

    o.      Copperfield Chimney Supply (distributor)

    p.      Crawford Outdoor (distributor)

    q.      RW America (distributor)

    r.      Steel and Wire Products (distributor)

    s.      Double Deuce (distributor)

25.     Additionally, Leah engaged in several discussions with decking distributors about becoming a dealer for various decking products.

26.     On July 26, 2023, Demir and Leah met with an agent of Wausau about becoming a dealer for TimberTech.

27.     This agent confirmed that Deck Central met all necessary requirements to be labeled a dealer and advised submitting a credit application.

28.     On July 28, 2023, Demir and Leah met with an agent of UFP about becoming a dealer for Deckorators.

29.     On September 29, 2023, Demir and Leah met with an agent of K&R Distribution about becoming a dealer for Westbury Railing.

E-FILED  2025 SEP 26 4:05 PM POLK - CLERK OF DISTRICT COURT

30.     This agent acknowledged that Deck Central met the dealer requirements but declined due to concerns about the potential loss of business with "stocking dealers in Des Moines."

31.     On October 5, 2023, Demir and Leah met with an agent of US Lumber about becoming a dealer for Trex Decking.

32.     The agent of US Lumber declined to open Deck Central as a dealer because of "too much risk of loss of business with others."

33.     On January 18, 2024, Leah and Demir met with the same agent of Wausau Supply to discuss opening a TimberTech dealer account.

34.     This agent confirmed that Deck Central would not be approved to be a dealer.

35.     From September 2023 to November 2023, Demir and Leah had multiple phone conversations with an agent of Boise Cascade regarding becoming a dealer for Trex Decking.

36.     Initially, this agent cited an inability to service Deck Central's account due to backordered stock as a reason for hesitating to approve Deck Central for a dealer account.

37.     Later, in November 2023, this agent declined to approve Deck Central for a dealer account.

38.     The Boise Cascade agent again declined to approve Deck Central for a dealer account on March 26, 2024.

39.     However, Boise then opened The Deck Supply as a dealer for Trex in Des Moines about 6 months later after again declining to open Deck Central.

40.     In February 2024, Leah contacted Weekes Forest Products and met with an agent of Weekes, who provided a credit application and anticipated no issues in opening an account.

41.     However, Leah later received a call from the agent's supervisor informing her that they would not open an account with Deck Central.

42.     During the week of September 11, 2023, UFP opened an account with Deck Central.

43.     On January 8, 2024, Deck Central hired a sales representative to sell decking products to customers and contractors, as inventory began to arrive.

44.     On January 11, 2024, Deck Central placed an order for two truckloads of Deckorators decking from UFP, which arrived the week of February 5, 2024.

45.     In February 2024, Deck Central invested more than $100,000 in a delivery truck and larger forklift to handle decking inventory more effectively.

46.     From January to March 2024, Deck Central sold more than $140,000 worth of Deckorators products to contractors.

47.     On February 23, 2024, an agent of UFP, which was a distributor for Deckorators decking, forwarded an email to Deck Central.

48.     The email outlined that three lumberyards, Leachman, Beisser, and Gilcrest, were displeased about Deck Central's business with Deckorators, and all three companies had removed Deckorators displays from their showrooms.

49.     This email also outlined the agent's subsequent meeting with Beisser, at which Beisser expressed its dissatisfaction Deck Central had recently sold materials to a large developer, which undercut Beisser's materials bid for the same project

50.     This allegation was based on the belief that Demir was using Deck Central as a conduit to receive lower prices for his contracting business.

E-FILED 2025 SEP 26 4:05 PM POLK - CLERK OF DISTRICT COURT

51.     On February 26, 2024, Demir and Leah met with UFP employees at Deck Central to discuss the claims made in the forwarded email.

52.     One of the employees questioned Demir and Leah about Deck Central's operations and its relationship with Better Builders.

53.     After the discussion, this employee concluded that he did not foresee any issues moving forward and confirmed that everything appeared legitimate.

54.     On March 4, 2024, Leah met with agents of Beisser Lumber to address the false information being shared regarding Deck Central.

55.     These agents both denied any involvement in spreading such claims.

56.     On March 6, 2024, Demir and Leah had dinner with an agent of UFP, where the agent informed Leah and Demir that Deck Central's account with UFP was being closed.

57.     The same agent explained that Beisser called Gilcrest, which in turn called Gilcrest's parent company, US LBM, alerting them of the direct competition Deck Central posed.

58.     US LBM then called UFP and threatened to stop working with them if UFP continued to sell directly to Deck Central.

59.     On March 7, 2024, Deck Central received an email from an agent of UFP confirming that the account with UFP was being closed due to pressure from Deck Central's competitors.

60.     This agent explained in this email that:

a.  "Unfortunately, to continue our manufacture direct relationship would result in millions of dollars of current business and untold amount of future business" being lost. "There are some national dealers in your market and the surrounding area that UFP does business with across the country and that business with UFP is currently in jeopardy."

E-FILED 2025 SEP 26 4:05 PM POLK - CLERK OF DISTRICT COURT

61.    Also on March 7, 2024, an agent of Azek stated that they were informed that Beisser threatened to pull the rest of their business (including roofing, siding, and other business relationships dealing with products other than decking) with any distributors who worked directly with Deck Central.

62.    The Azek agent further opined that David Ling, President of Beisser, "put the screws to" the distributors and made the threats to the other distributors.

63.    On April 5, 2024, Demir met with Rob Julander ("Julander") from Leachman Lumber regarding pricing for Better Builders.

64.    During this meeting, Julander mentioned that K&R Distribution would now sell New Castle Steel products to Deck Central through Leachman Lumber as a "pass-through" to avoid any conflict with Beisser or Gilcrest.

65.    On April 6, 2024, Demir had a call with an agent of New Castle Steel.

66.    This agent confirmed K&R would be selling New Castle Steel products through local lumberyard to "keep all people up there [Des Moines] happy" and to "keep all the other dealers from revolting against K&R."

67.    This agent also stated that "Des Moines is the only market that's like this. . . . They will all band together and will all blacklist people that sell direct."

68.    On April 17, 2024, Deck Central met with an agent of New Castle Steel, an agent of K&R, and Julander and Austin Leachman of Leachman Lumber at the Deck Central location.

69.    The agent of K&R noted that the Iowa lumber market is "completely different," and that "these [Iowa] lumberyards all stick together – Leachman included – when someone like that comes to town, they get blackballed up here."

E-FILED  2025 SEP 26 4:05 PM POLK - CLERK OF DISTRICT COURT

70.    The same agent also explained that nothing needed to change from Deck Central's end, that it was about "jeopardizing relationships with others," and that other local lumberyards had communicated to K&R that it would be an issue for K&R to sell directly to Deck Central.

71.    Lastly, the agent from K&R stated that, based on his experience working for Leachman, the Defendants meet on occasion to discuss how to coordinate business efforts in an attempt to exclude new businesses from the market.

72.    Following the meeting referenced immediately above, Deck Central had further discussions with an agent of New Castle Steel.

73.    This agent informed Deck Central that they had further discussions with Julander (Leachman Lumber), during which Julander agreed that Deck Central was a legitimate lumberyard and that he "would be pissed if I was [Leah Miljkovic] too, but all we [Leachman] gotta do is make two calls and nobody will buy your product in this town."

74.    On April 19, 2024, Leah had a call with an agent of K&R, during which this agent stated that Leachman, Beisser, and Gilcrest had all threatened to pull their business with K&R if K&R continued its business relationship with Deck Central.

75.    This agent confirmed that both Beisser and Gilcrest went to other distributors and stated, "if you do business with [Deck Central], we won't do business with you."

76.    Deck Central still is not labeled as a dealer in the eyes of the distributors based on the collusion that occurred between Beisser, Gilcrest, US LBM, and Leachman.

## **ALLEGATIONS**

### **Count I- Violation of Section 1 of the Sherman Act and Iowa Code Section 553.4 Against All Defendants**

77.    Plaintiff hereby incorporates paragraphs 1 through 76 as if stated herein.

E-FILED  2025 SEP 26 4:05 PM POLK - CLERK OF DISTRICT COURT

78.     Defendants are horizontal competitors with Plaintiff Deck Central LLC in the sale and distribution of lumber, decking, and outdoor living products in the Des Moines, Iowa area.

79.     Defendants entered into and engaged in a conspiracy among themselves to unreasonably restrain trade.

80.     As detailed above, Defendants coordinated to and did:

a.  Threaten to pull substantial, multi-product lines of business from distributors and manufacturers (including UFP/Deckorators, Wausau/TimberTech, K&R/Westbury, Boise/Trex, Weekes, and others) if those firms sold "direct" to other dealers in the market, including Deck Central, or sold to other dealers Deck Central as a dealer;

b.  Communicate and reinforce to distributors and manufacturers that opening or continuing a direct dealer relationship with Deck Central would "jeopardize" Defendants' broader relationships and cause Defendants to remove displays or cease purchasing other non-decking product lines; and

c.  Spread false statements to manufacturers and distributors to justify the boycott and exclusion, including that Deck Central was not a legitimate dealer but merely a conduit for Better Builders to obtain lower prices.

81.     Defendants' concerted conduct has produced actual and substantial anticompetitive effects in the relevant market.

82.     This unreasonable restraint on the market impacts the public interest for competitive pricing and impacts intra and interstate trade.

83.     As a direct and proximate result of Defendants' unlawful restraint of trade, Deck Central has suffered damages, including lost sales and profits, reduced margins from being forced

E-FILED  2025 SEP 26 4:05 PM POLK - CLERK OF DISTRICT COURT

to purchase through non-dealer channels at higher prices, loss of business opportunities, and loss of market share.

84.     It is believed that as a direct and proximate result of Defendants' unlawful restraint of trade, other dealers have been restrained from entering the Des Moines market and the public has lost the benefit of a competitive market.

85.     Defendants' conduct was willful, knowing, and in reckless disregard of the antitrust laws, warranting injunctive relief and monetary damages.

WHEREFORE, Plaintiff Deck Central LLC respectfully requests that the Court: declare that Defendants' conduct constitutes an unlawful contract, combination, or conspiracy in restraint of trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, and/or the Iowa Competition Law of 2009, Iowa Code § 553.4; enter injunctive relief enjoining Defendants from engaging in any conduct that directly or indirectly pressures manufacturers or distributors to refuse to deal with Deck Central or to deny Deck Central dealer status; award Deck Central treble damages as provided by 15 U.S.C. § 15 and/or Iowa Code § 553.12, together with costs of suit and reasonable attorneys' fees; and grant such other and further relief as the Court deems just and proper.

## Count II- Tortious Interference with Prospective Contractual Relationships Against all Defendants

86.     Plaintiff hereby incorporates paragraphs 1 through 85 as if stated herein.

87.     Deck Central had prospective contractual and business relationships with manufacturers and distributers to obtain certain products.

88.     Beisser, Gilcrest/Jewett, US LBM, and Leachmann (collectively "Defendants") were aware of the prospective relationships.

89.     The defendants intentionally and improperly interfered with the relationships by:

11

    a. Contacting companies in the decking industry stating that the Defendants would no longer sell the manufacturers' products if they sold directly to Deck Central;

    b. Leachman, Beisser, and Gilcrest had all threatened to pull their business with certain distributors if they continued business relationships with Deck Central;

    c. Intentionally spreading knowingly false information that Deck Central was not a legitimate dealer and was only to get Better Builders lower prices.

90. Defendants intended to financially injure and/or destroy Deck Central.

91. The defendants' interference caused the relationships to fail to materialize.

92. This interference has resulted in Deck Central being damaged, by, amongst other things, being forced to buy inventory at higher prices due to their inability to be categorized as a dealer.

93. Deck Central has not been able to grow their business due to this interreference.

94. This interference resulted in Deck Central suffering damages.

WHEREFORE Plaintiff Deck Central LLC respectfully requests the Court enter judgment in its favor and against Defendants Beisser, Gilcrest, US LBM, and Leachman; grant Plaintiff compensatory damages in an amount to be determined at trial, for loss of business opportunities, lost profits, reputational harm, and other damages resulting from Defendants' wrongful conduct; punitive damages in an amount sufficient to punish Defendants for their intentional and malicious interference, and to deter similar conduct in the future; injunctive relief prohibiting Defendants from continuing to engage in conduct that interferes with Plaintiff's prospective business relationships; pre- and post-judgment interested as allowed by law; costs of this action; and other such relief as the Court deems just and proper.

## Count III- Tortious Interference with Current Contractual Relationships Against All Defendants

95. Plaintiff hereby incorporates paragraphs 1 through 94 as if stated herein.

E-FILED 2025 SEP 26 4:05 PM POLK - CLERK OF DISTRICT COURT

96.     At all relevant times, Deck Central maintained business relationships, including but not limited to:

  a. An active relationship and open account with UFP for Deckorators products (opened September 2023), pursuant to which Deck Central placed orders, received two truckloads of inventory in February 2024, and made sales to customers and contractors from January to March 2024 exceeding $140,000;

  b. Ongoing sales relationships with contractors, developers, and customers in Central Iowa that depended upon Deck Central's continued supply from UFP and other vendors; and

  c. Ongoing vendor relationships with manufacturers and distributors.

97.     Defendants knew of Deck Central's existing supply and customer relationships, including its active UFP account and ongoing sales of Deckorators products,

98.     Defendants intentionally and improperly interfered with Deck Central's ongoing relationships by, among other acts:

  a. Threatening UFP and other suppliers that Defendants would pull business if those suppliers continued to sell "direct" to Deck Central;

  b. Coordinating a campaign to pressure suppliers and manufacturers

  c. Disseminating false statements that Deck Central was not a legitimate dealer and was a "front" for Better Builders to obtain improper pricing; and

  d. Engaging in concerted efforts to blacklist Deck Central and force pass-through sales only via Defendants.

E-FILED  2025 SEP 26 4:05 PM POLK - CLERK OF DISTRICT COURT

99.    As a direct and proximate result of Defendants' interference, Deck Central suffered damage.

WHEREFORE Plaintiff Deck Central LLC respectfully requests the Court enter judgment in its favor and against Defendants Beisser, Gilcrest, US LBM, and Leachman; grant Plaintiff compensatory damages in an amount to be determined at trial, for loss of business opportunities, lost profits, reputational harm, and other damages resulting from Defendants' wrongful conduct; punitive damages in an amount sufficient to punish Defendants to their intentional and malicious interference, and to deter similar conduct in the future; injunctive relief prohibiting Defendants from continuing to engage in conduct that interferes with Plaintiff's prospective business relationships; pre- and post-judgment interested as allowed by law; costs of this action; and other such relief as the Court deems just and proper.

<u>**Count IV- Unfair Competition**</u>
<u>**Against all Defendants**</u>

100.    Plaintiff hereby incorporates paragraphs 1 through 99 as if stated herein.

101.    Defendants engaged in deceptive and unethical business conduct when they threatened to refuse to sell manufacturer's products and/or remove product displays simply because those businesses were doing business with Deck Central.

102.    Defendants' conduct caused harm to Deck Central's business interests, through a loss of sales, loss of market share, and loss of customers.

103.    Defendants' actions created confusion among the distributors Deck Central was working with, resulting in the revocation of their credit accounts and their designation as a dealer.

104.    This unfair competition resulted in actual monetary loss for Deck Central in that they lost income due to reduced profit margins and inability to grow their business to obtain a larger market share.

E-FILED  2025 SEP 26 4:05 PM POLK - CLERK OF DISTRICT COURT

105.    Defendants' affirmative steps to exclude Deck Central from the local market directly caused these losses.

WHEREFORE Plaintiff Deck Central LLC respectfully requests the Court enter judgment in its favor and against Defendants Beisser, Gilcrest, US LBM, and Leachman; grant Plaintiff compensatory damages in an amount to be determined at trial, for loss of business opportunities, lost profits, reputational harm, and other damages resulting from Defendants' wrongful conduct; punitive damages in an amount sufficient to punish Defendants to their intentional and malicious interference, and to deter similar conduct in the future; injunctive relief prohibiting Defendants from continuing to engage in conduct that interferes with Plaintiff's prospective business relationships; pre- and post-judgment interested as allowed by law; costs of this action; and other such relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Katelynn T. McCollough*
Matthew Laughlin, AT0004515
Katelynn T. McCollough, AT003443
Grace E. Tobin, AT0015791
Dentons Davis Brown
215 10th Street, Suite 1300
Des Moines, Iowa 50309-3993
Telephone: (515) 288-2500
Email: Matthew.Laughlin@dentons.com
Email: Katelynn.McCollough@dentons.com
Email: Grace.Tobin@dentons.com

**ATTORNEYS FOR PLAINTIFF DECK CENTRAL LLC**

E-FILED  2025 SEP 26 4:05 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| DECK CENTRAL LLC,<br><br>          Plaintiff,<br><br>vs.<br><br>BEISSER'S INC., GILCREST/JEWETT LUMBER COMPANY, LLC, US LBM, LLC, AND LEACHMAN LUMBER COMPANY,<br><br>          Defendants. | CASE NO.<br><br><br>**ORIGINAL NOTICE** |

TO THE ABOVE-NAMED DEFENDANTS:

   BEISSER'S INC., GILCREST/JEWETT LUMBER COMPANY, LLC, US LBM, LLC, AND LEACHMAN LUMBER COMPANY

  You are notified there was filed in the office of the Clerk of the above-named Court, a Petition, copies of which are attached hereto. Polk County District Court utilizes the Electronic Document Management System. You are directed to the Iowa Court Rules Chapter 16 for general rules and information on electronic filing and, in particular, Division VI regarding the protection of personal information in court filings.

  The Plaintiff's attorneys are Matthew Laughlin, Katelynn McCollough and Grabe Tobin, whose address is The Davis Brown Tower, 215 10th Street, Suite 1300, Des Moines, Iowa 50309, Telephone: (515) 288-2500, Facsimile: (515) 471-7898.

  You must, within 20 days after service of this Original Notice upon you, serve, and within a reasonable time thereafter, file a motion or answer, in the office of the Clerk of the Iowa District Court for Polk County, 500 Mulberry St, Des Moines, IA 50309. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

  **If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 286-3394.  (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.)**

**<u>IMPORTANT</u>**

**<u>YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.</u>**

#4917462

# Iowa Judicial Branch

*Case No.*  **CVCV069936**

*County*  **Polk**

*Case Title*  DECK CENTRAL LLC VS BEISSERS INC ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 561-5818** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **09/29/2025 11:27:58 AM**



*District Clerk of Court or/by Clerk's Designee of* Polk                    *County*

**/s/ Cynthia (Cindi) Richey**

## AFFIDAVIT OF SERVICE

| Case: CVCV069936 | Court: Polk County District Court | County: Polk, IA | Job: 14273893 |
|---|---|---|---|
| Plaintiff / Petitioner: Deck Central LLC | | Defendant / Respondent: Beisser's Inc; Gilcrest/Jewett Lumber Company, LLC; US LBM, LLC, et al | |
| Received by: HSPS Legal Services | | For: Dentons Davis Brown PC | |
| To be served upon: Leachman Lumber Company | | Court Date: | |

I, John Kerr, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| Recipient Name / Address: | Jennifer Leachman, 1921 Hubbell Ave, Des Moines, IA 50316 |
|---|---|
| Manner of Service: | Registered Agent, Oct 6, 2025, 2:40 pm CDT |
| Documents: | Original Notice; Petition at Law (Received Oct 1, 2025 at 10:41am CDT) |

**Additional Comments:**
1) Successful Attempt: Oct 6, 2025, 2:40 pm CDT at 1921 Hubbell Ave, Des Moines, IA 50316 received by Jennifer Leachman. (Server's visual approximation) Age: 65; Ethnicity: Caucasian; Gender: Female; Weight: 150; Height: 5'5"; Hair: White; Other: CEO;
John Leachman is no longer the registered agent. Serve documents to Jennifer Leachman, who is the chief executive officer and the new registered agent.

Fees: $00

State of:    IOWA

County of:   POLK

                                                      ) SS:

_____  10-7-2025
John Kerr                          Date

HSPS Legal Services
327 2nd Street Suite 200
Coralville, IA 52241
319-354-2010

Signed and sworn to before me, a notary public, on this 7 day of  OCT  , 2025

_____
Notary Public
March 21, 2026

My Commission Expires

TAYLOR S. CHAPMAN
Commission Number 846870
My Commission Expires
March 21, 2026

**AFFIDAVIT OF SERVICE**

| Case:<br>CVCV069936 | Court:<br>Polk County District Court | County:<br>Polk, IA | Job:<br>14273903 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>Deck Central LLC | | **Defendant / Respondent:**<br>Beisser's Inc; Gilcrest/Jewett Lumber Company, LLC; US LBM, LLC, et<br>al | |
| **Received by:**<br>HSPS Legal Services | | **For:**<br>Dentons Davis Brown PC | |
| **To be served upon:**<br>US LBM, LLC | | **Court Date:** | |

I, John Kerr, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**  Mellisa Millang, RA; CT Corporation System; 400 E Court Ave, Des Moines, IA 50309

**Manner of Service:**  Registered Agent, Oct 6, 2025, 2:26 pm CDT

**Documents:**  Original Notice; Petition at Law (Received Oct 1, 2025 at 10:41am CDT)

**Additional Comments:**
1) Successful Attempt: Oct 6, 2025, 2:26 pm CDT at RA; CT Corporation System: 400 E Court Ave, Des Moines, IA 50309 received by Mellisa Millang. (Server's visual approximation) Age: 40; Ethnicity: Caucasian; Gender: Female; Weight: 140; Height: 5'7"; Hair: Brown; Other: Administrative assistant for the registered agent;
Served documents to the administrative assistant for the registered agent who is authorized to accept legal documents.

Fees: 35

State of:    IOWA                              )
                                                      ) SS:
County of:   POLK                            )

John Kerr                          Date   10-7-2025

HSPS Legal Services
327 2nd Street Suite 200
Coralville, IA 52241
319-354-2010

Signed and sworn to before me, a notary public, on this
_____ 7 ___ day of ___ O c T _____, 2025

Notary Public

March 21, 2026

**My Commission Expires**

**TAYLOR S. CHAPMAN**
Commission Number 846870
My Commission Expires
March 21, 2026

## AFFIDAVIT OF SERVICE

| Case:<br>CVCV069936 | Court:<br>Polk County District Court | County:<br>Polk, IA | Job:<br>14273882 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Deck Central LLC | | Defendant / Respondent:<br>Beisser's Inc; Gilcrest/Jewett Lumber Company, LLC; US LBM, LLC, et al | |
| Received by:<br>HSPS Legal Services | | For:<br>Dentons Davis Brown PC | |
| To be served upon:<br>Gilcrest/Jewett Lumber Company, LLC | | Court Date: | |

I, John Kerr, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Mellisa Millang, RA; CT Corporation System: 400 E Court Ave, Des Moines, IA 50309

**Manner of Service:**   Registered Agent, Oct 6, 2025, 2:27 pm CDT

**Documents:**   Original Notice; Petition at Law (Received Oct 1, 2025 at 10:41am CDT)

**Additional Comments:**
1) Successful Attempt: Oct 6, 2025, 2:27 pm CDT at RA; CT Corporation System: 400 E Court Ave, Des Moines, IA 50309 received by Mellisa Millang. (Server's visual approximation) Age: 40; Ethnicity: Caucasian; Gender: Female; Weight: 140; Height: 5'7"; Hair: Brown; Other: Administrative assistant for the registered agent ;
Served documents to the administrative assistant for the registered agent who is authorized to accept legal documents.

Fees:

State of:   IOWA                          )
                                                   ) SS:
County of:   POLK                       )

_____  10-7-2025
John Kerr                                        Date

HSPS Legal Services
327 2nd Street Suite 200
Coralville, IA 52241
319-354-2010

Signed and sworn to before me, a notary public, on this
_____ day of ___OCT.___ , 2025

_____
Notary Public

March 21, 2026
**My Commission Expires**

**TAYLOR S. CHAPMAN**
Commission Number 846870
My Commission Expires
March 21, 2026

## AFFIDAVIT OF SERVICE

| Case: CVCV069936 | Court: Polk County District Court | County: Polk, IA | Job> 14273879 |
|---|---|---|---|
| Plaintiff / Petitioner: Deck Central LLC | | Defendant / Respondent: Beisser's Inc; Gilcrest/Jewett Lumber Company, LLC; US LBM, LLC, et al | |
| Received by: HSPS Legal Services | | For: Dentons Davis Brown PC | |
| To be served upon: Beisser's Inc | | Court Date: · | |

I, John Kerr, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Timothy Harmeyer, 3705 SE Beisser Dr, Grimes, IA 50111

**Manner of Service:** Business    Oct 8, 2025, 9:21 am CDT

**Documents:** Original Notice; Petition at Law (Received Oct 1, 2025 at 10:41am CDT)

**Additional Comments:**
1) Unsuccessful Attempt: Oct 6, 2025, 12:17 pm CDT at 3705 SE Beisser Dr, Grimes, IA 50111
Kim Beisser is not the Registered Agent due to health reasons.

2) Successful Attempt: Oct 8, 2025, 9:21 am CDT at 3705 SE Beisser Dr, Grimes, IA 50111 received by Timothy Harmeyer. (Server's visual approximation) Age: 60; Ethnicity: Caucasian; Gender: Male; Weight: 240; Height: 6'2"; Hair: Gray; Other: EVP CFO; Serve documents to the EVP CFO who is authorized to accept legal documents.

Fees: ((0

State of:    IOWA

                            ) SS:

County of:    POLK

_____    10-8-2025

John Kerr                  Date

HSPS Legal Services
327 2nd Street Suite 200
Coralville, IA 52241
319-354-2010

Signed and sworn to before me, a notary public, on this ___ 8 ___ day of ___ OCT ___ , 2025

_____
Notary Public

March 21, 2026

My Commission Expires

TAYLOR S. CHAPMAN
Commission Number 846870
My Commission Expires
March 21, 2026